UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:19-CR-00069-GNS-RSE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

RAYMONE NEAL                                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Review Detention Order (DN 41) challenging the Magistrate Judge's Order of Detention Pending Trial (DN 17). For the reasons that follow, the motion is **DENIED**.

### I.  BACKGROUND

On April 17, 2019, Defendant Raymone Neal ("Neal") was indicted for being a felon in possession of a firearm and for possession of an unregistered firearm in violation, respectively, of 18 U.S.C. §§ 922(g)(l), 924(a)(2) and 26 U.S.C. §§ 5861(d), 5871.[1] (Indictment 1-2, DN 1). Neal was previously convicted for the underlying felonies of trafficking in a controlled substance, robbery in the first degree, burglary in the first degree, and arson in the second degree. (Indictment 1). On a motion by the United States pursuant to 18 U.S.C. § 3142(f)(1), the Magistrate Judge held a hearing to determine if Neal should be detained pending trial. The Magistrate Judge ordered Neal to be detained, concluding that a rebuttable presumption applied and that "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Order Detention 1-2, DN 17).

---

[1] The Superseding Indictment was filed against Neal on August 14, 2019, charging Neal with violating the same statutes but was amended to comply with the knowledge requirement as clarified by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Superseding Indictment, DN 28).

1

Specifically, at the hearing, the Magistrate Judge consulted the pretrial services report and spoke at length with probation officers knowledgeable about Neal's criminal history. (Detention Hr'g Audio at 2:16:51, 2:17:40-2:33:31). Ultimately, the Magistrate Judge found that Neal's extensive violent criminal history and recent alleged criminal acts committed while released on bond showed that he posed a danger to the community. (Detention Hr'g Audio at 2:34:15).

On September 26, 2019, Neal moved this Court for review and revocation of the Detention Order. (Def.'s Mot. Review Detention Order, DN 41). Specifically, Neal argues that (1) the detention order should have included a written finding of fact and reasons, (2) the statutory rebuttable presumption does not apply in this case, and (3) Neal's medical conditions place him at risk if he is further detained prior to trial. (Def.'s Mot. Review Detention Order 2-3). Neal also wrote a letter to the undersigned to further explain his medical situation. (Letter, DN 43). The United States responded to Neal's motion. (Pl.'s Resp. Def.'s Mot. Review Detention Order, DN 42).

## II. DISCUSSION

The district court reviews a magistrate judge's order of detention *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (explaining that, although the Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor . . . *de novo* review of detention orders . . . ."). When considering the safety of any other person and the community, the Court should consider: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

While this Court is tasked with conducting a *de novo* review of the Magistrate Judge's findings, this Court is not equipped with the pretrial services report nor with the guidance from probation that guided the Magistrate Judge's determination. Neal has not, however, specifically challenged the findings of the Magistrate Judge regarding his extensive violent criminal history. Moreover, the objections that Neal has raised do not question the bulk of the Magistrate's conclusions and are therefore non-dispositive. The Court will consider each of Neal's three objections in turn.

First, Neal contends that the detention order should have included "written findings of fact and a written statement of the reasons for the detention." (Def.'s Mot. Review Detention Order 2). While Neal is correct that 18 U.S.C. § 3142(i) does require the Magistrate Judge to make written findings, the Magistrate Judge has done so here. The Order of Detention Pending Trial, readily available in the docket, shows that the Magistrate Judge found "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Order Detention 2). Furthermore, the Magistrate Judge listed the reasons for detention as (1) "[p]rior criminal history," (2) "[p]articipation in criminal activity while on probation, parole, or supervision," and (3) "[h]istory of violence or use of weapons." (Order Detention 2). While this Order is admittedly formatted as a checklist, the Order sets out in written form the findings and reasons for Neal's detention.

Second, Neal argues that the Magistrate Judge erroneously concluded that this was a rebuttable presumption case. (Def.'s Mot. Review Detention Order 2). While the United States concedes that Neal is correct on this point, it does little change the underlying analysis.[2] (Pl.'s

---

[2] The United States takes care to note that Neal just barely missed the threshold for presumption by committing a crime two months beyond the five-year statutory limit. (Pl.'s Resp. Def.'s Mot. Review Detention Order 2).

Resp. Def.'s Mot. Review Detention Order 2). Beyond the presumption, the Magistrate Judge still made factual findings that Neal posed a real danger to the community if released from federal custody. (Order Detention 2). As discussed at length, these findings included a long list of violent criminal acts. Moreover, counsel for Neal conceded at the detention hearing, albeit erroneously, that the presumption applied this this case. (Detention Hr'g Audio at 2:10:37). Therefore, even though the Magistrate Judge incorrectly determined that the presumption applied, she still independently determined that Neal posed a risk of danger to the community.

Third and finally, Neal states that "additional evidence is now available to show how Neal's present incarceration is significantly detrimental to Neal's life-threatening condition." (Def.'s Mot. Review Detention Order 2). Specifically, Neal says that he has been forced to sleep on a concrete floor, has been denied necessary medical care, and has recently lost a filling in his tooth.[3] (Def.'s Mot. Review Detention Order 2-3). Neal also admits, however, that his medical condition, especially his recurring non-Hodgkin's lymphoma, "was known, and presented to the Magistrate Judge" at the detention hearing. (Def.'s Mot. Review Detention Order 2). As such, this "objection" does not raise new grounds that challenge the Magistrate Judge's reasoning. Nor, for that matter, does Neal explain how his medical condition undermines the determination that he is a risk to the community at large. Moreover, both Neal's motion and the letter that he wrote to the undersigned acknowledge that he has been taken to the hospital when his medical condition has worsened. (Def.'s Mot. Review Detention Order 3; Letter 3). In conclusion, this objection is immaterial and without merit.

---

[3] Neal also wrote a personal letter to the undersigned explaining in detail his detention at Grayson County Detention Center and the alleged mistreatment he has received there. (Letter 1-6). The Court, however, has no way to assess the validity of those allegations nor would such treatment impact the Court's analysis about the danger that Neal would pose to the community if released from federal custody.

This Court is mindful that it is charged with a *de novo* review of the Order of Detention. Even so, Neal has done little to contradict the findings of the Magistrate Judge on this matter. These uncontested findings show that Neal has an extensive criminal history, these crimes involved violence and the use of weapons, and some of these crimes occurred while Neal was out on probation. Therefore, the factors as set forth in 18 U.S.C. § 3142(g) overwhelmingly show that, if Neal is released, "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community . . . ."[4] 18 U.S.C. § 3142(e)(2).

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Review Detention Order (DN 41) challenging the Magistrate Judge's Order of Detention Pending Trial (DN 17) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 29, 2019

cc: counsel of record

---

[4] Neal's motion does not request this Court to hold an additional detention hearing on this matter. (Def.'s Mot. Review Detention Order). The proposed order submitted by Neal, however, is to establish a hearing date. (Def.'s Proposed Order Granting Mot. Review Detention Order, DN 42-1). After reviewing the record and listening to the previous hearing, this Court determines a hearing is not necessary. *See United States v. Romans*, 215 F.3d 1328, 2000 WL 658042, at *1 (6th Cir. 2000) ("In ordering the defendant detained, the district court reviewed the magistrate judge's detention order *de novo* and used the transcripts from the defendant's detention hearing before the magistrate judge as a basis for its findings of fact.").