| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |// 
| VS. | |
| RAYMONE NEAL | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motions of Defendant, Raymone Neal ("Neal"), for Immediate Release Due to Danger from Coronavirus, (DN 61), and for Additional Discovery - - Police Cruisers' Dash Camera Video and Audio, (DN 60). The United States of America ("United States" or "Government") filed Responses in opposition. *See* (DNs 64 & 65). Neal did not file a reply in support of either Motion.[1] Fully briefed, these matters are ripe for adjudication.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Court referred these Motions to the undersigned Magistrate Judge for disposition. For the reasons set forth herein, Neal's Motion for Immediate Release Due to Danger from Coronavirus (DN 61) is **DENIED**, and Neal's Motion for Additional Discovery (DN 60) is **DENIED as moot**.

### I. BACKGROUND

On April 17, 2019, Neal was indicted and charged with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of Possession of an

---

[1] On April 7, 2020, the Court received a letter from Neal concerning the issues raised in Neal's Motion for Immediate Release. (DN 68). The Court reminds Neal that he is presently represented by Patrick J. Renn, counsel appointed to Neal pursuant the Criminal Justice Act. *See* (DNs 22 & 56). As such, Neal may proceed *pro se* or by counsel, but he is not entitled to hybrid representation. *See, e.g., United States v. Cromer*, 389 F.3d 662, 681 n. 12 (6th Cir. 2004) (citing *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)) ("It is well settled that there is no constitutional right to hybrid representation."); *United States v. Lowdermilk*, 425 F. App'x. 500, 504 (6th Cir. 2011) (finding that defendant is not entitled to represent himself while simultaneously represented by counsel). Therefore, Neal is cautioned to refrain from submitting further *pro se* filings while represented by counsel.

Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871, as well as a Notice of Forfeiture.[2] (DN 1). As provided in the Indictment, Neal was previously convicted for the underlying felonies of trafficking in a controlled substance I, robbery in the first degree, burglary in the first degree, and arson in the second degree. (*Id*. at p. 1). Following his arrest, Neal initially appeared before this Court on June 12, 2019, and the United States moved for detention pursuant to 18 U.S.C. § 3142(f)(1). (DN 10). The matter was set for arraignment proceedings and a detention hearing on June 13, 2019. (*Id*.). At the request of defense counsel, however, the detention hearing was continued. *See* (DNs 13 & 15).

On June 21, 2019, a detention hearing was held before the undersigned. (DN 16). At this hearing, the undersigned was presented with the arguments of the parties, the nature of the charges pending against Neal, Neal's criminal history, and the recommendation of the United States Probation Office. The Court was also advised of Neal's medical condition regarding his Non-Hodgkin's Lymphoma diagnosis. (DN 41). The undersigned concluded that Neal's extensive violent criminal history and recent alleged criminal acts committed while released on probation showed that he posed a danger to the community. Thus, the undersigned ordered Neal to be detained concluding that a rebuttable presumption applied and that "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonable assure the safety of any other person and the community." (DN 17).

Subsequent to the detention hearing, Neal filed a Motion for review and revocation of the undersigned's Order of Detention Pending Trial. (DN 41). Following the Government's concession that this was not a rebuttable presumption case, *see* (DN 42), the District Court found that the Magistrate Judge independently determined that Neal posed a risk of danger to the community. (DN 47). In particular, the District Court, upon *de novo* review and pursuant to the factors set for the in 18

---

[2] On August 14, 2019, a Superseding Indictment was filed against Neal. (DN 28). The Superseding Indictment charged Neal with violating the same statues as the April 17, 2019 Indictment but was amended to comply with the knowledge requirement as clarified by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

U.S.C. § 3142(g), noted that Neal's significant criminal history, which included crimes that involved violence and the use of weapons, as well as Neal's criminal activity while on probation, overwhelmingly showed that detention was warranted and denied Neal's Motion for Review of Detention Order. (*Id.* at p. 5).

Neal then filed the instant Motion on March 20, 2020. (DN 61).

## II.  LEGAL STANDARD

18 U.S.C. § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C § 3142(g) provides:

> **Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> (1)  the nature and circumstances of the offense charged [];
> (2)  the weight of the evidence against the person;
> (3)  the history and characteristics of the person, including --
>    (A)  the person's character, *physical and mental condition*, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>    (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use of collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

(emphasis added).

18 U.S.C. § 3142(f)(2) provides:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

### III. ANALYSIS

Neal's Motion for immediate release argues that the recent pandemic related to COVID-19 serves as grounds for his release from detention pending trial. (DN 61). Neal argues that at the time of his detention hearing, a pandemic had not been declared and this declaration constitutes "changed circumstances" to be considered in the determination of whether there is a condition or set of conditions that can be fashioned to assure his appearance at trial and protect the community. (*Id*. at p. 2). Specifically, Neal argues that the conditions of confinement create the "ideal environment" for the spread of the Coronavirus. (*Id*.). He further reasons that the Bail Reform Act requires this Court to release him to ensure his health and availability for trial. (*Id*. at p. 4). Thus, Neal contends that release is warranted because local detention facilities "lack the resources necessary to engage in screening and testing of inmates[,]" making them ill-equipped to handle a potential outbreak of COVID-19. (*Id*.).

Neal relies on *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) to support his position. (*Id.* at p. 5). In *Scarpa*, the defendant was terminally ill with AIDS and was in the final stages of his fatal illness. The court held that because the defendant could only receive necessary and humane treatment under the care of an AIDS specialist at a hospital, the defendant could be confined to a hospital under the 24-hour guard of the United States Marshal Service at his own expense. *Id.* at 89. The Court does not find this case to be factually analogous as Neal does not have a chronic terminal illness requiring specialized treatment.[3] The Court similarly finds Neal's reliance upon *Davis v. Ayala*, 135 S. Ct. 2187,

---

[3] The Court notes that the status of Neal's medical condition regarding his Non-Hodgkin's Lymphoma diagnosis is

4

2209 (2015) (Kennedy, J., concurring) to be unpersuasive as it addresses the psychological toll of solitary confinement. Likewise, the Court finds *United States v. Mateo*, 299 F. Supp. 2d 201, 212 (S.D.N.Y. 2004) to be unpersuasive as the facts in that case involve custodial officials that failed to call medical aid for an inmate going into premature labor. None of these situations compares factually or procedurally to Neal's current detention.

In opposition to Neal's Motion, the United States argues that Neal fails to rebut the factual basis that led to the disposition, and subsequent review, of his detention. (DN 64). Specifically, pursuant to the factors set forth in 18 U.S.C. § 3142(g) upon which prior decisions regarding Neal's detention were made, the United States highlights Neal's criminal history and incidents of failing to comply while under supervision and probation. (*Id*.). Because those factors have not changed since Neal was initially detained, the United States moves the Court to deny Neal's Motion for release. (*Id*. at p. 2).

Additionally, the United States maintains that Neal's arguments concerning the current medical crisis related to COVID-19 are unpersuasive. (*Id*. at p. 3). In arguing that there is no evidence of an increased risk of coronavirus infection while in pretrial detention compared to the risk of infection that Neal would face if released, the United States explains that local detention centers housing federal prisoners have implemented the following steps to counter the COVID-19 virus:

1. All employees and inmates are monitored for symptoms of respiratory infection;
2. All new inmates are screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices are implemented;
3. Visits by non-essential personnel (programs, mentors, religious services, etc.) are suspended;
4. Inmate visitation is suspended;
5. Attorney/client meets are being held by video conference or "through the glass" meetings;
6. "Clean teams" have been designated and provided personal protective equipment and supplies to frequently disinfect high traffic areas;
7. Hand sanitizer stations have been established and remain fully stocked; and

---

not addressed in Neal's Motion, through counsel, nor in Neal's letter to the Court. Thus, Neal does not claim to be among the group of individuals the Centers for Disease Control and Prevention has categorized to be at a higher risk for contracting COVID-19. *See* (DN 61 at n. 3).

8. Individuals who may become symptomatic will be isolated.

(*Id*.). Moreover, the United States represents that as of March 26, 2020, there are no confirmed cases of COVID-19 in this District's prisons and jails. (*Id*. at p. 4).

The Court is keenly aware of the pandemic concerning the spread of COVID-19. But as concerning as the COVID-19 pandemic is, resolving Neal's request for immediate release from detention must still involve an individualized assessment of the factors identified by the Bail Reform Act ("BRA"), which include *inter alia*: the nature and circumstances of the offense charged; whether the offense involves a controlled substance or firearm; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings); whether the defendant was on probation, parole, or other court supervision at the time of the current offense or arrest; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See e.g., United States v. Josh Gregory Taylor*, --- F.Supp.3d ----, No. 5:19-CR-192-KKC-MAS, 2020 WL 1501997, at *4-5 (E.D. Ky. Mar. 26, 2020) (rejecting the defendant's speculative argument that the dangerous nature of the COVID-19 pandemic supersedes those risks showcased by a BRA analysis).

In the subject Motion, Neal does not provide the Court with any rebuttal of the original assessments that led to the decision to detain him. Instead, his arguments concern only the possibility of exposure to the Coronavirus while in detention. Moreover, Neal does not rebut the United States' argument that local detention facilities have implemented precautionary and monitoring practices sufficient to protect detainees from exposure to the COVID-19 virus. *See United States v. Martin*, 2020 WL 1274857 (D. Md., Mar. 17, 2020). The Court thus reasons that while the opportunity for the spread of the Coronavirus does indeed exist in the jails, the possibility and reality of spread in the rest of the community exists as well.

Neal's arguments for release also rest on the Court finding that he is a good candidate for

release to home confinement. Neal posits that he has the "incentive to abide by any release conditions the Court may impose[.]" (DN 61 at p. 6). However, the best predictor of how Neal would behave if he were to be released is how he has behaved when released in the past, and his criminal history regarding compliance is a poor one. The Court, therefore, remains concerned regarding Neal's ability to abide by any condition or set of conditions imposed for his release.

## IV.     CONCLUSION AND ORDER

For the reasons provided above, and the Court being otherwise sufficiently advised;

**IT IS ORDERED** that Neal's Motion for Immediate Release Due to Danger from Coronavirus (DN 61) is **DENIED**.

**IT IS FURTHER ORDERED** that because the Government has indicated "that there is no dash camera video or additional audio from any of the officers involved in the stop," *see* (DN 65), Neal's Motion for Additional Discovery (DN 60) is **DENIED as moot**.

Regina S. Edwards, Magistrate Judge
United States District Court

April 9, 2020

Copies:        Counsel of Record